```
                    UNITED STATES DISTRICT COURT

                           DISTRICT OF NEVADA
```

MAIGA HRALIMA,
    #77879
            Plaintiff,            3:10-cv-0230-RCJ-RAM

vs.

                                  **ORDER**
PRISON HEALTH SERVICES, *et al.*,

            Defendants.

Plaintiff has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. The Court now reviews the complaint.

**I. Screening Standard**

Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id*. at 327. The critical inquiry is whether a consitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided

for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).

## II. Instant Complaint

Plaintiff, who is incarcerated at Northern Nevada Correctional Center, has sued defendant Prison Health Services, and several of its alleged employees, in connection with plaintiff's allegations that he was involuntarily medicated while detained at Washoe County Detention Facility in 2002. In addition to Prison Health Services itself, plaintiff names Dr. Patin, Robinson RN, Williamson, RNC, Yenne, LPN, Wallace LPN, Does I-XV (whom he describes as various employees of Prison Health Services) and Washoe County Detention Facility and Does I-X.

While plaintiff states that the alleged civil rights violation has occurred "from May 2002 to present," he names as defendants Prison Health Services and Washoe County Detention Facility staff. Plaintiff names no present defendants and sets forth no present claims. Plaintiff alleges only civil rights violations suffered while he was a pretrial detainee in 2002. Plaintiffs claims are barred by the statute of limitations. Because § 1983 contains no specific statute of limitations, federal courts should borrow state statutes of limitations for personal injury actions in § 1983 suits. *See, e.g., Wallace v. Kato*, 549 U.S. 384 (2007). In Nevada, a personal injury action must be brought within two years. Nev. Rev. Stat. 11.190(4)(e). Accordingly, plaintiff's complaint is dismissed with prejudice.

## III. Conclusion

**IT IS THEREFORE ORDERED** that the complaint is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that the Clerk shall enter judgment accordingly.

Dated: This 11th day of August, 2010.

_____
UNITED STATES DISTRICT JUDGE

2